UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PRIME ASCOT, LP DBA BLUE ROCK VILLAGE,

        Plaintiff,

   v.

CHANEL WILLIAMS, and DOES 1-10, INCLUSIVE,

        Defendants.

No. 2:17-cv-02318-GEB-CKD

***SUA SPONTE* REMAND ORDER**[*]

On November 6, 2017, Defendant Chanel Williams filed a Notice of Removal removing this unlawful detainer action from the Superior Court of California for the County of Solano. (Notice of Removal ("NOR"), ECF No. 1.) For the following reasons, the Court *sua sponte* remands this case to the Superior Court of California for the County of Solano for lack of subject matter jurisdiction.

"There is a 'strong presumption against removal jurisdiction,' and the removing party has the burden of establishing that removal is proper." Lindley Contours, LLC v. AABB Fitness Holdings, Inc., 414 F. App'x 62, 64 (9th Cir. 2011) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall

---

[*] The undersigned judge revokes any actual or anticipated referral to a Magistrate Judge for the purposes of Findings and Recommendations in this case.

1

be remanded." 28 U.S.C. § 1447(c). "The court may - indeed must - remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction." GFD, LLC v. Carter, No. CV 12-08985 MMM (FFMx), 2012 WL 5830079, at *2 (C.D. Cal. Nov. 15, 2012) (citing Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003)).

Defendant asserts in the Notice of Removal ("NOR") that federal question removal jurisdiction exists. (NOR ¶ 5-14.) Defendant contends "Plaintiff was required to state a cause of action under the [Protecting Tenants at Foreclosure Act ("PTFA")], but sought to avoid those protections by filing this action as an 'Unlawful Detainer' by artful pleadings in State Court." (Id. at ¶ 7.) Defendant further argues that "the PTFA is essential to the right of possession, . . . [and] plaintiff cannot defeat removal by omitting [a] necessary federal question[] in the Complaint." (Id. ¶ 9-10.)

However, review of the Complaint reveals Plaintiff alleges a single claim for unlawful detainer under California law, and "[a]s a general rule, . . . a case will not be removable if the complaint does not affirmatively allege a federal claim." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 947 (9th Cir. 2014) (internal quotation marks omitted) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987)).

"Moreover, 'it is well established that [the] plaintiff is the master of [its] complaint and can plead to avoid federal jurisdiction.'" <u>Goraya v. Martinez</u>, No. 2:15-cv-2375-JAM-KJN, 2015 WL 7281611, at *2 (E.D. Cal. Nov. 17, 2015) (quoting <u>Loowdermilk v. U.S. First Nat'l Ass'n</u>, 479 F.3d 994, 998-99 (9th Cir. 2007), <u>overruled on other grounds</u>, <u>Rodriguez v. AT & T Mobility Servs. LLC</u>, 728 F.3d 975, 977 (9th Cir. 2013)) (remanding unlawful detainer action *sua sponte*).

For the stated reasons, this case is remanded to the Superior Court of California for the County of Solano.

Dated: November 7, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge